**John TARKOWSKI, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2009–7053.**

United States Court of Appeals, Federal Circuit.

May 5, 2009.

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

*ORDER*

PER CURIAM.

John Tarkowski responds to the court's March 18, 2009 order directing Tarkowski to show cause why his appeal should not be dismissed as untimely. The Secretary of Veterans Affairs also responds.

On September 5, 2008, the United States Court of Appeals for Veterans Claims entered judgment in Tarkowski's case. On December 3, 2008, or 89 days after entry of judgment, Tarkowski filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit. The appeal was subsequently transferred to this court.

To be timely, a notice of appeal must be received by the Court of Appeals for Veterans Claims within 60 days of the entry of

judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). Tarkowski argues that the Seventh Circuit failed to appoint him counsel or provide him sufficient clarification. The timely filing of his notice of appeal in a civil case is a jurisdictional requirement that cannot be waived. *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Here, even if Tarkowski's appeal is treated as having been filed with the Court of Appeals for Veterans Claims on December 3, when it was received by the Seventh Circuit, his appeal would still be untimely. Because the appeal was not received within the statutory deadline for filing, we must dismiss this appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All sides shall bear their own costs.