Jay PETERSON, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2009–5126.

United States Court of Appeals,
Federal Circuit.

Nov. 10, 2009.

Jay Peterson, Provo, UT, pro se.

Carl D. Wasserman, Department of Justice, Washington, DC, for Defendant–Appellee.

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

*ORDER*

The United States moves to dismiss for lack of jurisdiction Jay Peterson's appeal from the final judgment of the United States Court of Federal Claims. Peterson opposes.

On July 2, 2009, 2009 WL 1979263, Court of Federal Claims issued a decision dismissing Peterson's complaint with prejudice and entering judgment in favor of the United States. On September 1, 2009, 61 days after entry of judgment, Peterson filed his notice of appeal.

An appeal from a judgment of the Court of Federal Claims must be filed within 60 days of entry of judgment. *See* Fed. R.App. P. 4(a)(1)(B); 28 U.S.C. § 2522.

"[T]he timely filing of a notice of appeal is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling. *Id.*

Peterson contends that his appeal was timely because pursuant to Rule 26(c) of the Federal Rules of Appellate Procedure he was entitled three additional calendar days after service of the decision. However, this provision does not apply to the filing of the notice of appeal. As noted above, the notice of appeal is due within 60 days from the date of entry of judgment, not service of the judgment.

Because Peterson's appeal was filed more than 60 days after entry of judgment, and because Rule 26(c) is inapplicable here, we must dismiss Peterson's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. All other motions are moot.

(2) Each side shall bear its own costs.