**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7411

IRA HAYES, a/k/a Ira D. Hayes,

Petitioner - Appellant,

v.

GEORGE HAGAN, Warden, Allendale Correctional Institution,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Patrick Michael Duffy, District Judge.   (8:08-cv-01628-PMD)

Submitted:  December 17, 2009      Decided:  December 29, 2009

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ira Hayes, Appellant Pro Se.   Donald John Zelenka, Deputy Assistant Attorney General, Melody Jane Brown, Assistant Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira Hayes seeks to appeal the district court's orders (1) accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2254 (2006) petition for lack of prosecution, and (2) summarily denying his Fed. R. Civ. P. 60(b) motion for reconsideration. We first must address whether we have jurisdiction to review the district court's order dismissing Hayes' § 2254 petition. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); see Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order dismissing the § 2254 petition was entered on the docket on February 23, 2009. The notice of appeal was filed, at the earliest, on July 28, 2009. Because Hayes failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.

Turning to Hayes' timely appeal of the district court's order denying the Rule 60(b) motion, the order is not

2

appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Hayes has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of the district court's order denying Rule 60(b) relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3