**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-7517**

_____

WILLIE LEE HAGOOD,

                 Petitioner - Appellant,

     v.

CECILIA REYNOLDS,

                 Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.   Richard Mark Gergel, District Judge.   (4:10-cv-02581-RMG)

_____

Submitted:  February 16, 2012        Decided:  February 22, 2012

_____

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Willie Lee Hagood, Appellant Pro Se.   Donald John Zelenka, Deputy Assistant Attorney General, Brendan McDonald, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Lee Hagood seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his 28 U.S.C. § 2254 (2006) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties in civil cases such as this one are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on September 28, 2011. The notice of appeal was filed, at earliest, on October 31, 2011.[*] Because Hagood failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
