**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7040**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THURMAN DOMINICK BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William M. Nickerson, Senior District
Judge. (1:07-cr-00479-WMN-1; 1:11-cv-03010-WMN)

Submitted: September 11, 2012    Decided: September 14, 2012

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Remanded by unpublished per curiam opinion.

Thurman Dominick Brown, Appellant Pro Se. Michael Clayton
Hanlon, Assistant United States Attorney, Rachel Miller Yasser,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thurman Dominick Brown seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), a notice of appeal in a civil case in which the United States is a party must be filed with the district court within sixty days after judgment is entered. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The district court may extend the filing time if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

The district court denied Brown's § 2255 motion on March 27, 2012. Therefore, Brown had until May 29, 2012,[*] to file a notice of appeal. Brown, however, filed his undated notice of appeal, at the earliest, on June 12, 2012, fourteen days after the expiration of the sixty-day appeal period. We liberally construe Brown's notice of appeal, which he filed within the thirty-day excusable neglect period, as a request for an extension of the appeal period. Accordingly, we remand this

---

[*] The sixtieth day fell on Saturday, May 26, and Monday, May 28, was Memorial Day. See Fed. R. App. 26(a).

2

case to the district court for the limited purpose of enabling the court to determine whether Brown has shown excusable neglect or good cause warranting an extension of time to appeal. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED