NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1406

HUGH FRANCIS O'NEILL;
ELIZABETH NETTIE BEAN,

Appellants

v.

ELLIOTT COOK, Field Office Director of the United States Citizenship and
Immigration Services, London, United Kingdom;
PERRY RHEW, Chief, Administrative Appeals Office of the
United States Citizenship and Immigration Services:
ALEJANDRO MAYORKAS, Director of the United States Citizenship
and Immigration Services;
SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL OF THE UNITED STATES;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00984)
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Opinion filed: November 13, 2012 )

---

OPINION

---

AMBRO, Circuit Judge

Hugh O'Neill and his wife Elizabeth Bean filed this lawsuit following denial by the United States Citizenship and Immigration Services (USCIS) of their applications seeking O'Neill's reentry into the United States. The District Court dismissed the suit for failure to state a claim and lack of subject matter jurisdiction. O'Neill and Bean appeal that decision. Their appeal, however, is untimely; therefore, we do not have appellate jurisdiction and must dismiss the appeal.

Because we write for the parties, we recite only briefly the facts. Hugh O'Neill is a citizen of Northern Ireland. He first entered the United States on a 90-day visa in 1993 and over-stayed that visa for almost ten years. Following an arrest in January of 2002, O'Neill was deported. In February of 2002, he reentered the United States using his brother's passport to gain admission through customs at a New York airport. O'Neill was removed in December of 2003 and again reentered the United States in January of 2004, this time using his own passport under a visa waiver program. In March of 2006, he was removed a third time.

Because he had been deported and was inadmissible under several provisions of the Immigration and Nationality Act (INA), O'Neill[1] filed two forms with the London Field office of the USCIS in his effort to reenter the United States lawfully: (1) an

---

[1] For ease of writing, we refer to Appellants jointly and severally as O'Neill.

2

Application for Permission to Reapply for Admission Into the United States After Deportation, using an I-212 Form, and (2) an Application for Waiver of Grounds of Inadmissibility, using an I-601 Form.

USCIS denied both applications on the ground that O'Neill was inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(C), and thus subject to a ten-year bar from the date of his last departure from the United States before being eligible to seek admission again. O'Neill appealed this determination to the Administrative Appeals Office (AAO). The AAO dismissed the appeal, but mixed up the earlier decisions on the I-212 Form and the I-601 Form.

O'Neill filed suit in federal court challenging the eligibility determination. The District Court held that it lacked subject matter jurisdiction to review the agency's discretionary decision denying the I-601 Form. As for O'Neill's I-212 Form, the Court focused on his challenge to the errors in the AAO decision, and concluded that those errors did not affect O'Neill's inadmissibility. It therefore concluded that no relief was available.

O'Neill appeals this decision. He argues that he is not subject to the ten-year bar of § 1182(a)(9)(C) and that the District Court erred by affirming the AAO's decision on a ground not relied on by the agency.

We must begin with an inquiry of our jurisdiction, as "every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997) (internal quotations omitted). If we do not have jurisdiction, our only

3

function must be announcing that fact and dismissing the appeal. *Elliot v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).

Federal Rule of Appellate Procedure 4(a)(1)(B) requires a notice of appeal to be filed "within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States agency." Fed. R. App. P. 4(a)(1)(B)(ii). The District Court entered judgment on December 14, 2011. O'Neill did not file his notice of appeal until February 14, 2012, 62 days after the District Court's entry of judgment.[2] Compliance with filing time limits is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 207, 209 (2007) (no appellate jurisdiction when Appellant filed notice of appeal two days late). Because O'Neill did not file a timely notice of appeal, we do not have jurisdiction, and thus we dismiss the appeal.

---

[2] The 60th day was a Sunday, thus making a filing on the 61st day still timely. We note that the Notice of Appeal included as the first page of the Appendix is dated February 10, 2012, although O'Neill correctly states in his brief that the Notice of Appeal was filed on February 14, 2012.