NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMERITA E. WOOD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7181

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3366, Judge Robert N. Davis.

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges*.

PER CURIAM.

## O R D E R

Emerita E. Wood responds to the court's order requiring her to show cause why this appeal should not be dismissed as untimely.

The Court of Appeals for Veterans Claims entered judgment in this case on March 23, 2012.  The court received Wood's notice of appeal on August 28, 2012, 158 days after the date of the judgment.

Any appeal from the Court of Appeals for Veterans Claims must be received within 60 days of the date of entry of judgment.    38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1).  The statutory deadline for taking an appeal to this court is jurisdictional and mandatory.  *See Bowles v. Russell,* 551 U.S. 205 (2007); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (noting Congress's intent to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as on an appeal from a district court to a court of appeals).

Ms. Wood states that her filing was late due to the fact that she resides in a rural area of town, making mail delivery difficult.  She also appears to contend that her lack of education and counsel contributed to her inability to know when the appeal needed to be filed.  The Supreme Court has made clear, however, that there are no exceptions to the rule that an untimely appeal to this court must be dismissed.  *Bowles*, 551 U.S. at 213-14; *see also International Rectifier Corp. v. IXYS Corp.,* 515 F.3d 1353, 1357–58 (Fed.Cir.2008) ("In *Bowles*, the Supreme Court emphasized the jurisdictional nature of notices of appeal and held that the jurisdictional rules lack equitable exceptions.").  Because this appeal was not received within the statutory period, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

3                                    EMERITA WOOD v. SHINSEKI

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25