NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**FRANK MORENO, JR.,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7170

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-1314, Judge Ronald M. Holdaway.

Before RADER, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

Frank Moreno, Jr., responds to the court's order directing him to show cause why this appeal should not be dismissed as untimely. The Secretary also responds, arguing that Mr. Moreno's appeal should be dismissed as untimely.

The Court of Appeals for Veterans Claims entered judgment in this case on April 24, 2012. That court

2                                    FRANK MORENO, JR. v. SHINSEKI

received Moreno's notice of appeal on August 6, 2012, 104 days after the date of the judgment.

Any appeal from the Court of Appeals for Veterans Claims must be received within 60 days of the date of entry of judgment.    38 U.S.C. § 7292(a);  28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1).  The statutory deadline for taking an appeal to this court is jurisdictional and mandatory.  *See Bowles v. Russell,* 551 U.S. 205, 209 (2007); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (noting Congress's intent to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as on an appeal from a district court to a court of appeals).

In his response, Mr. Moreno notes that he is blind and does "not move (literally and figuratively) as fast as others."  The Supreme Court has made clear, however, that there are no exceptions to the rule that an untimely appeal to this court must be dismissed.  *Bowles*, 551 U.S. at 213-14; *see also International Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353, 1357–58 (Fed.Cir.2008) ("In *Bowles*, the Supreme Court emphasized the jurisdictional nature of notices of appeal and held that the jurisdictional rules lack equitable exceptions.").  Because this appeal was not received within the statutory period, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

(3)  All pending motions are moot.

FRANK MORENO, JR. v. SHINSEKI                                    3

                                        FOR THE COURT

                                        /s/ Jan Horbaly
                                        Jan Horbaly
                                        Clerk

s25