**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-7030**

─────────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

SOLOMON N. POWELL,

       Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:07-cr-00324-JRS-1; 3:12-cv-00023-JRS)

─────────────

Submitted: November 15, 2013     Decided: December 4, 2013

─────────────

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Solomon N. Powell, Appellant Pro Se.  Michael Ronald Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Solomon N. Powell seeks to appeal the portion of the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2013) motion.[1] Parties in a civil action in which the United States or an officer or agency of the federal government is a party are accorded sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). This time period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks omitted); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). However, if a party moves for an extension of time to appeal within thirty days after the expiration of the original appeal period and demonstrates excusable neglect or good cause, a district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A).

---

[1] Although Powell also appeals the portions of the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction and his motion for reduction of restitution, we defer disposition of those portions of Powell's appeal until the case is returned from the district court. We also defer disposition of Powell's pending motion to include the documents attached to his misrouted notice of appeal with his informal brief.

The district court entered judgment against Powell on March 20, 2013; Powell therefore had until May 20 to file a timely notice of appeal of the dismissal of his § 2255 motion. Powell filed his notice of appeal on May 29 at the earliest.[2] However, Powell separately filed a motion for extension of time on the same day and within the thirty-day excusable neglect period.[3] Accordingly, we remand for the limited purpose of determining whether Powell has demonstrated excusable neglect or good cause warranting an extension of the sixty-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[2] Although the envelope in which Powell submitted his notice of appeal does not clearly indicate the date he delivered it to prison officials for mailing to the court, we conclude from an examination of the record that he did not do so prior to May 29. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal deemed filed on date he delivered it to prison authorities for mailing to court). Moreover, the fact that Powell mistakenly mailed his notice of appeal to this court does not affect the timeliness determination. See Fed. R. App. P. 4(d) (providing that notice of appeal mistakenly filed in court of appeals is considered filed in district court on date so noted).

[3] Although we previously construed Powell's "Motion for Request to File an Out of Time Request for COA" and "Request for Certificate of Appealability" collectively as a notice of appeal, upon closer examination, we construe the former motion as a Fed. R. App. P. 4(a)(5) motion for an extension of time to file an appeal and the latter motion as Powell's notice of appeal.