# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2014

Lyle W. Cayce
Clerk

No. 13-10140
Summary Calendar

ROBERT RICHARD TAYLOR, II,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-438

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Richard Taylor, II, Texas prisoner # 1530454, pleaded guilty to
two counts of possession of child pornography and two counts of possession of
child pornography with intent to promote, which resulted in two concurrent
10-year and two concurrent 15-year sentences. He appeals the district court's
denial of a motion for leave to file a petition for a writ of mandamus to obtain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-10140

the return of the documents filed in his purported 28 U.S.C. § 2241 proceeding and the denial of his motion to recuse the trial judge. At the time these motions were filed, the district court had already dismissed Taylor's § 2241 petition in part as an unauthorized successive 28 U.S.C. § 2254 application and denied it in part on the merits.

The majority of Taylor's brief consists of challenges to the validity of his state convictions and the district court's reconstruction of his § 2241 petition as arising under § 2254. However, he had voluntarily dismissed his appeal following the district court's rejection of his habeas proceeding, and his current notice of appeal is not timely from that final judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Accordingly, we decline to consider these claims.

To the extent that Taylor challenges the district court's refusal to order the return of his § 2241 petition and his supporting exhibits, he cites to no authority establishing that he is entitled to such relief. Because he has not shown that any government officer or employee owed him the return of those documents, the district court properly denied Taylor's request for a writ of mandamus. *See* 28 U.S.C. § 1361. As for Taylor's assertion that the district judge should have recused himself from the case, his allegations of the adverse decisions are insufficient to support a claim of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because Taylor has not established error in the denial of his motions, the district court's orders are AFFIRMED. In light of this ruling, all outstanding motions are DENIED.

2