Justice Thomas
delivered the opinion of the Court.
In this case, a District Court purported to extend a party’s time for filing an appeal beyond the period allowed by statute. We must decide whether the Court of Appeals had jurisdiction to entertain an appeal filed after the statutory period but within the period allowed by the District Court’s order. We have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature. Accordingly, we hold that petitioner’s untimely notice — even *207 though filed in reliance upon a District Court’s order— deprived the Court of Appeals of jurisdiction.
I
In 1999, an Ohio jury convicted petitioner Keith Bowles of murder for his involvement in the beating death of Ollie Gipson. The jury sentenced Bowles to 15-years-to-life imprisonment. Bowles unsuccessfully challenged his conviction and sentence on direct appeal.
Bowles then filed a federal habeas corpus application on September 5, 2002. On September 9, 2003, the District Court denied Bowles habeas relief. After the entry of final judgment, Bowles had 30 days to file a notice of appeal. Fed. Rule App. Proc. 4(a)(1)(A); 28 U.S.C. §2107(a). He failed to do so. On December 12, 2003, Bowles moved to reopen the period during which he could file his notice of appeal pursuant to Rule 4(a)(6), which allows district courts to extend the filing period for 14 days from the day the district court grants the order to reopen, provided certain conditions are met. See § 2107(c).
On February 10, 2004, the District Court granted Bowles’ motion. But rather than extending the time period by 14 days, as Rule 4(a)(6) and § 2107(c) allow, the District Court inexplicably gave Bowles 17 days — until February 27 — to file his notice of appeal. Bowles filed his notice on February 26 — within the 17 days allowed by the District Court’s order, but after the 14-day period allowed by Rule 4(a)(6) and § 2107(c).
On appeal, respondent Russell argued that Bowles’ notice was untimely and that the Court of Appeals therefore lacked jurisdiction to hear the ease. The Court of Appeals agreed. It first recognized that this Court has consistently held the requirement of filing a timely notice of appeal is “mandatory and jurisdictional.” 432 F. 3d 668, 673 (CA6 2005) (citing Browder v. Director, Dept. of Corrections of Ill., 434 U. S. 257, 264 (1978)). The court also noted that Courts of Ap *208 peals have uniformly held that Rule 4(a)(6)’s 180-day period for filing a motion to reopen is also mandatory and not susceptible to equitable modification. 432 F. 3d, at 673 (collecting eases). Concluding that “the fourteen-day period in Rule 4(a)(6) should be treated as strictly as the 180-day period in that same Rule,” id., at 676, the Court of Appeals held that it was without jurisdiction. We granted certiorari, 549 U. S. 1092 (2006), and now affirm.
II
According to 28 U. S. C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed. District courts have limited authority to grant an extension of the 30-day time period. Relevant to this case, if certain conditions are met, district courts have the statutory authority to grant motions to reopen the time for filing an appeal for 14 additional days. § 2107(c). Rule 4 of the Federal Rules of Appellate Procedure carries §2107 into practice. In accord with § 2107(c), Rule 4(a)(6) describes the district court’s authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days:
“(6) Reopening the Time to File an Appeal.
“The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
“(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
“(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
*209 “(C) the court finds that no party would be prejudiced.” (Emphasis added.)[1]
It is undisputed that the District Court’s order in this case purported to reopen the filing period for more than 14 days. Thus, the question before us is whether the Court of Appeals lacked jurisdiction to entertain an appeal filed outside the 14-day window allowed by § 2107(c) but within the longer period granted by the District Court.
A
This Court has long held that the taking of an appeal within the prescribed time is “mandatory and jurisdictional.” Griggs v. Provident Consumer Discount Co., 459 U. S. 56, 61 (1982) (per curiam) (internal quotation marks omitted);[2] accord, Hohn v. United States, 524 U. S. 236, 247 (1998); Tor *210 res v. Oakland Scavenger Co., 487 U. S. 312, 314-315 (1988); Browder, 434 U. S., at 264. Indeed, even prior to the creation of the circuit courts of appeals, this Court regarded statutory limitations on the timing of appeals as limitations on its own jurisdiction. See Scarborough v. Pargoud, 108 U. S. 567, 568 (1883) (“[T]he writ of error in this case was not brought within the time limited by law, and we have consequently no jurisdiction”); United States v. Curry, 6 How. 106, 113 (1848) (“[A]s this appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction”). Reflecting the consistency of this Court’s holdings, the courts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction. See, e. g., Atkins v. Medical Dept. of Augusta Cty. Jail, No. 06-7792, 2007 WL 1048810 (CA4, Apr. 4, 2007) (per curiam) (unpublished); see also 15A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3901, p. 6 (2d ed. 1992) (“The rule is well settled that failure to file a timely notice of appeal defeats the jurisdiction of a court of appeals”). In fact, the author of today’s dissent recently reiterated that “[t]he accepted fact is that some time limits are jurisdictional even though expressed in a separate statutory section from jurisdictional grants, see, e.g., . . . §2107 (providing that notice of appeal in civil cases must be filed ‘within thirty days after the entry of such judgment’).” Barnhart v. Peabody Coal Co., 537 U. S. 149, 160, n. 6 (2003) (majority opinion of Souter, J., joined by Stevens, Ginsburg, and Breyer, JJ., inter alios).
Although several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional. Indeed, those decisions have also recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute. In Kontrick v. Ryan, 540 U. S. 443 (2004), we held that failure to comply with the time *211 requirement in Federal Rule of Bankruptcy Procedure 4004 did not affect a court’s subject-matter jurisdiction. Critical to our analysis was the fact that “[n]o statute . . . specifies a time limit for filing a complaint objecting to the debtor’s discharge.” 540 U. S., at 448. Rather, the filing deadlines in the Bankruptcy Rules are “ ‘procedural rules adopted by the Court for the orderly transaction of its business’” that are “‘not jurisdictional.’” Id., at 454 (quoting Schacht v. United States, 398 U. S. 58, 64 (1970)). Because “[o]nly Congress may determine a lower federal court’s subject-matter jurisdiction,” 540 U. S., at 452 (citing U. S. Const., Art. III, § 1), it was improper for courts to use “the term ‘jurisdictional’ to describe emphatic time prescriptions in rules of court,” 540 U. S., at 454. See also Eberhart v. United States, 546 U. S. 12 (2005) (per curiam). As a point of contrast, we noted that §2107 contains the type of statutory time constraints that would limit a court’s jurisdiction. 540 U. S., at 453, and n. 8.[3] Nor do Arbaugh v. Y & H Corp., 546 U. S. 500 (2006), or Scarborough v. Principi, 541 U. S. 401 (2004), aid petitioner. In Arbaugh, the statutory limitation was an employee-numerosity requirement, not a time limit. 546 U. S., at 505. Scarborough, which addressed the availability of attorney’s fees under the Equal Access to Justice Act, concerned “a mode of relief . . . ancillary to the judgment of a court” that already had plenary jurisdiction. 541 U. S., at 413.
This Court’s treatment of its certiorari jurisdiction also demonstrates the jurisdictional distinction between court- *212 promulgated rules and limits enacted by Congress. According to our Rules, a petition for a writ of certiorari must be filed within 90 days of the entry of the judgment sought to be reviewed. See this Court’s Rule 13.1. That 90-day period applies to both civil and criminal cases. But the 90-day period for civil cases derives from both this Court’s Rule 13.1 and 28 U. S. C. § 2101(c). We have repeatedly held that this statute-based filing period for civil cases is jurisdictional. See, e. g., Federal Election Comm’n v. NRA Political Victory Fund, 513 U. S. 88, 90 (1994). Indeed, this Court’s Rule 13.2 cites § 2101(c) in directing the Clerk not to file any petition “that is jurisdictionally out of time.” (Emphasis added.) On the other hand, we have treated the rule-based time limit for criminal cases differently, stating that it may be waived because “[t]he procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion ....” Schacht, supra, at 64.[4]
Jurisdictional treatment of statutory time limits makes good sense. Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear *213 cases at all, it can also determine when, and under what conditions, federal courts can hear them. See Curry, 6 How., at 113. Put another way, the notion of “‘subject-matter’” jurisdiction obviously extends to “ ‘classes of cases ... falling within a court’s adjudicatory authority,’” Eberhart, supra, at 16 (quoting Kontrick, supra, at 455), but it is no less “jurisdictional” when Congress prohibits federal courts from adjudicating an otherwise legitimate “class of cases” after a certain period has elapsed from final judgment.
The resolution of this ease follows naturally from this reasoning. Like the initial 30-day period for filing a notice of appeal, the limit on how long a district court may reopen that period is set forth in a statute, 28 U. S. C. § 2107(c). Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple “claim-processing rule.” As we have long held, when an “appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.” Curry, supra, at 113. Bowles’ failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction. And because Bowles’ error is one of jurisdictional magnitude, he cannot rely on forfeiture or waiver to excuse his lack of compliance with the statute’s time limitations. See Arbaugh, supra, at 513-514.
B
Bowles contends that we should excuse his untimely filing because he satisfies the “unique circumstances” doctrine, which has its roots in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U. S. 215 (1962) (per curiam). There, pursuant to then-Rule 73(a) of the Federal Rules of Civil Procedure, a District Court entertained a timely motion to extend the time for filing a notice of appeal. The District Court found the moving party had established a showing of “excusable neglect,” as required by the Rule, and *214 granted the motion. The Court of Appeals reversed the finding of excusable neglect and, accordingly, held that the District Court lacked jurisdiction to grant the extension. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 303 F. 2d 609, 611-612 (CA7 1962). This Court reversed, noting “the obvious great hardship to a party who relies upon the trial judge’s finding of ‘excusable neglect.’ ” 371 U. S., at 217.
Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the “unique circumstances” doctrine is illegitimate. Given that this Court has applied Harris Truck Lines only once in the last half century, Thompson v. INS, 375 U. S. 384 (1964) (per curiam), several courts have rightly questioned its continuing validity. See, e. g., Panhorst v. United States, 241 F. 3d 367, 371 (CA4 2001) (doubting “the continued viability of the unique circumstances doctrine”). See also Houston v. Lack, 487 U. S. 266, 282 (1988) (Scalia, J., dissenting) (“Our later cases ... effectively repudiate the Harris Truck Lines approach . . . ”); Osterneck v. Ernst & Whinney, 489 U. S. 169, 170 (1989) (referring to “the so-called ‘unique circumstances’ exception” to the timely appeal requirement). We see no compelling reason to resurrect the doctrine from its 40-year slumber. Accordingly, we reject Bowles’ reliance on the doctrine, and we overrule Harris Truck Lines and Thompson to the extent they purport to authorize an exception to a jurisdictional rule.
C
If rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits. Even narrow rules to this effect would give rise to litigation testing their reach and would no doubt detract from the clarity'of the rule. However, congressionally authorized rule- *215 making would likely lead to less litigation than court-created exceptions without authorization. And in all events, for the reasons discussed above, we lack present authority to make the exception petitioner seeks.
Ill
The Court of Appeals correctly held that it lacked jurisdiction to consider Bowles’ appeal. The judgment of the Court of Appeals is affirmed.

It is so ordered.

 The Rule was amended, effective December 1, 2005, to require that notice be pursuant to Fed. Rule Civ. Proc. 77(d). The substance is otherwise unchanged.

 Griggs and several other of this Court’s decisions ultimately rely on United States v. Robinson, 361 U. S. 220, 229 (1960), for the proposition that the timely filing of a notice of appeal is jurisdictional. As the dissent notes, we have recently questioned Robinson’s use of the term “jurisdictional.” Post, at 215-216 (opinion of Souter, J.). Even in our cases criticizing Robinson, however, we have noted the jurisdictional significance of the fact that a time limit is set forth in a statute, see infra, at 210-&11, and have even pointed to § 2107 as a statute deserving of jurisdictional treatment, infra, at 211. Additionally, because we rely on those cases in reaching today’s holding, the dissent’s rhetoric claiming that we are ignoring their reasoning is unfounded.
Regardless of this Court’s past careless use of terminology, it is indisputable that time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century. Consequently, the dissent’s approach would require the repudiation of a century’s worth of precedent and practice in American courts. Given the choice between calling into question some dicta in our recent opinions and effectively overruling a century’s worth of practice, we think the former option is the only prudent course.

 At least one Federal Court of Appeals has noted that Kontrick and Eberhart “called . . . into question” the “longstanding assumption” that the timely filing of a notice of appeal is a jurisdictional requirement. United States v. Sadler, 480 F. 3d 932, 935 (CA9 2007). That court nonetheless found that “[t]he distinction between jurisdictional rules and inflexible but not jurisdictional timeliness rules drawn by Eberhart and Kontrick turns largely on whether the timeliness requirement is or is not grounded in a statute.” Id., at 936.

 The dissent minimizes this argument, stating that the Court understood § 2101(c) as jurisdictional “in the days when we used the term imprecisely.” Post, at 218, n. 4. The dissent’s apathy is surprising because if our treatment of our own jurisdiction is simply a relic of the old days, it is a relic with severe consequences. Just a few months ago, the Clerk, pursuant to this Court’s Rule 13.2, refused to accept a petition for certiorari submitted by Ryan Heath Dickson because it had been filed one day late. In the letter sent to Dickson’s counsel, the Clerk explained that “[w]hen the time to file a petition for a writ of certiorari in a civil case ... has expired, the Court no longer has the power to review the petition.” Letter from William K. Suter, Clerk of Court, to Ronald T. Spriggs (Dec. 28, 2006). Dickson was executed on April 26, 2007, without any Member of this Court having even seen his petition for certiorari. The rejected certiorari petition was Dickson’s first in this Court, and one can only speculate as to whether denial of that petition would have been a foregone conclusion.