ON MOTION
PER CURIAM.

ORDER'

Willie E. Linen responds to the court’s September 13, 2007 order directing him to show cause why his appeal should not be dismissed and also moves for various relief.
On May 18, 2007, 2007 WL 1518781, the United States Court of Appeals for Veterans Claims affirmed the Board of Veterans’ Appeals determination that new and material evidence had not been presented to reopen Linen’s service-connection claim for a left-eye disorder. The court affirmed the Board’s denial of service connection for Linen’s bilateral knee disorder and diabetes mellitus. Judgment was entered on June 11, 2007. On June 27, 2007, the court rejected Linen’s subsequent correspondence because his documents did not conform with the court’s rules concerning complaints of judicial misconduct. Linen’s appeal was received on August 13, 2007.
*509 Linen’s appeal was due within 60 days of the entry of judgment or by August 10, 2007. See 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1). The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. -, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (same). Thus, Linen’s failure to timely file a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Because Linen’s appeal was untimely it must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Linen’s appeal is dismissed.
(2) Linen’s motion for various relief is denied.
(2) Each side shall bear its own costs.