NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA BOYD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7209

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-3714, Judge Frank Q. Nebeker.

---

## ON MOTION

---

Before BRYSON, MAYER, and LINN, *Circuit Judges.*

PER CURIAM.

## ORDER

Donna Boyd and the Secretary of Veterans Affairs respond to this court's October 6, 2011 show cause order. The Secretary moves to dismiss Boyd's appeal for lack of jurisdiction. Boyd opposes.

Boyd sought review by the United States Court of Appeals for Veterans Claims from a decision denying her entitlement to an earlier effective date for her service-connected post-traumatic stress disorder. On March 9, 2011, the Veterans Court affirmed the agency's decision. On March 30, 2011, Boyd moved for reconsideration of that decision, which was denied by the court in an order issued May 5, 2011. The same day, judgment issued in a separate order, and on July 6, 2011, the court's mandate issued. Boyd concedes she received a copy of the judgment and the mandate.

The Veterans Court received Boyd's notice of appeal on September 19, 2011, 137 days after the date of judgment. The notice of appeal stated that Boyd was filing it on that date "due to not receiving the Order dated May 5th," and that she was only "appraised of the Court of Appeals for Veterans Claims order for the first time on August 22, 2011, while speaking with [one of the court's] Deputy Clerk[s]." Boyd further noted that she "subsequently receive[ed] the order by mail on [August, 24, 2011]."

As the Secretary notes in his motion to dismiss this appeal as untimely, an appeal from the Court of Appeals for Veterans Claims must be received within 60 days from the date of entry of judgment, and here Boyd's appeal was not received by the court within this statutory period of time. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). Boyd's response asserts, as does her notice of appeal, that she was not notified of the denial of her motion for reconsideration. Boyd does, however, state that she received timely notice of the issuance of judgment, which started the time for her to file an appeal.

We agree with the Secretary that even if Boyd did not receive notice of the decision, her appeal must nonetheless be dismissed for lack of jurisdiction. In *Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011), the Supreme

Court made clear that unlike in appeals from the Board of Veterans' Appeals to the Veterans Court, Congress intended to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as on an appeal from a district court to a court of appeals. As such, the statutory deadline for taking an appeal to this court is jurisdictional and thus mandatory. *Bowles v. Russell*, 551 U.S. 205 (2007).

In *Bowles*, a convicted prisoner filed a habeas petition following his unsuccessful challenge to his conviction and sentence on direct appeal. After entry of judgment by the district court denying his petition for habeas relief, Bowles had 30 days to file a notice of appeal with the Court of Appeals, but failed to timely do so. Nonetheless, the district court granted Bowles's motion pursuant to Rule 4(a)(6) to reopen the time period during which he could file a notice of appeal. The district court apparently provided him 17 days to file a notice of appeal as opposed to the 14 additional days provided for by the Rule.

The Supreme Court held in *Bowles* that its cases have long held that the taking of an appeal within the prescribed time specified in a statute is "mandatory and jurisdictional." *Id.* at 209. The Court further rejected Bowles's contention that given the unique circumstances of his case and any excusable neglect based on the actions of the district court, he should receive an equitable exception to the jurisdictional time limit period. *Id.* at 213-14. The court explained that the court "has no authority to create equitable exceptions to jurisdictional requirements," even if such "rigorous rules . . . are thought to be inequitable[.]" *Id.* at 214.

Although the circumstances in *Bowles* were different from those in the present case, the Supreme Court reasoning in *Bowles* forecloses the possibility of excusing Boyd's late filing. Even assuming Boyd is correct that the Veterans Court was negligent in failing to mail her its decision

denying her motion for reconsideration, Boyd was nevertheless obligated under the statute to file her notice of appeal within 60 days from the date of judgment in her case. This court has no authority to create an equitable exception in this case.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

APR 0 2 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Donna Boyd
Michael D. Snyder, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 2 2012

JAN HORBALY
CLERK