**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-7322**

─────────────

KEITH D. GOODMAN,

          Plaintiff - Appellant,

     v.

GENE M. JOHNSON; HAROLD W. CLARKE; JOHN JABE; A. DAVID
ROBINSON; FRED SHILLING; KIM RUNION; J. LAFOON; Q.
BIRCHETTE; MS. G. F. SIVELS; CASSANDRA TAYLOR; C. MAYES; C.
BAILEY; HARVARD STEPHENS, Doctor,

          Defendants – Appellees,

     and

G. ROBINSON; ELTON BROWN, Doctor; KRYM; SPRUILL, Doctor;
PRISON HEALTH SERVICES,

          Defendants.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:11-cv-00079-GBL-IDD)

─────────────

Submitted:  March 27, 2012        Decided:  April 4, 2012

─────────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Keith D. Goodman, Appellant Pro Se.  Christopher Davies Supino,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia;

Carlene Booth Johnson, PERRY LAW FIRM, PC, Dillwyn, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith D. Goodman seeks to appeal the district court's orders partially dismissing his complaint and denying his motion seeking reconsideration of that dismissal. We lack jurisdiction to consider Goodman's appeal of either order.

This court may exercise jurisdiction only over final orders, and certain interlocutory and collateral orders, 28 U.S.C. §§ 1291, 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). Further, a timely notice of appeal is a mandatory jurisdictional requirement in civil cases. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

Here, Goodman failed to timely notice an appeal of the district court's order partially dismissing his complaint. Under Fed. R. App. P. 4(a), Goodman, barring a motion for an extension of time or other tolling event, had thirty days to notice an appeal from the order. See Fed. R. App. P. 4(a)(4)-(5). Goodman, however, did not seek an extension, and his motion seeking reconsideration, filed under Fed. R. Civ. P. 54(b), did not qualify to toll the thirty-day time limit.[1] See

---

[1] Although the district court construed Goodman's first motion to reconsider as filed pursuant to Fed. R. Civ. P. 59(e), this erroneous characterization does not control or alter our analysis on appeal.

3

Fed. R. App. P. 4(a)(4)(A). Therefore, Goodman's notice of appeal, filed over three months after the district court's order of partial dismissal, was clearly untimely as to that order, and we lack jurisdiction to consider its propriety.[2]

Further, although timely appealed from, the district court's order denying Goodman's motion seeking reconsideration is neither a final order nor an appealable interlocutory or collateral order. Because the district court did not otherwise certify the order for appeal in compliance with Fed. R. Civ. P. 54(b), we lack jurisdiction to consider it. See Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1336 (4th Cir. 1993).

Accordingly, we dismiss the appeal for lack of jurisdiction and deny Goodman's pending motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[2] Even if Goodman's notice of appeal had been timely, we nevertheless would have lacked jurisdiction to review the order granting partial dismissal as that order was neither final nor an appealable interlocutory order.

4