**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6200**

ERVIN L. STREATER,

              Plaintiff - Appellant,

         v.

PAT S. ROBINSON; J. R. ROWELL; EDDIE CATHEY; SCOTT STERMEN,

              Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:11-cv-00600-RJC)

Submitted:  April 19, 2012          Decided:  April 26, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Ervin L. Streater, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ervin L. Streater seeks to appeal both the district court's dismissal of his 42 U.S.C. § 1983 (2006) complaint and the district court's subsequent denial of his two motions to amend his complaint.

We dismiss for lack of jurisdiction Streater's appeal of the dismissal of his action because the notice of appeal was not timely filed as to the district court's dismissal order. Parties in civil cases such as this one are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order dismissing Streater's suit was entered on the docket on December 20, 2011. The notice of appeal was filed, at earliest, on January 27, 2012.[*] Neither of Streater's mid-January motions to amend his complaint can be

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

construed as a motion tolling the applicable thirty-day period under Fed. R. App. P. 4(a)(4). We therefore lack jurisdiction to consider Streater's claims with respect to the district court's dismissal order.

As for Streater's appeal of the district court's denial of his two motions to amend his complaint, we conclude that the district court did not abuse its discretion in denying the motions, as amendment of the complaint would have been futile. See Laber v. Harvey, 438 F.3d 404, 426-28 (4th Cir. 2006) (en banc).

Accordingly, we dismiss Streater's appeal as to the district court's dismissal order and affirm the district court's judgment with respect to Streater's motions to amend his complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART