12-4461-cv
*Edwards v. Center Moriches Union Free School, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand fourteen.

Present:    Peter W. Hall,
            Debra Ann Livingston,
                    *Circuit Judges*,
            Margo K. Brodie,[*]
                    *District Judge*.

───────────────────────────────────────────────

Janelle Edwards, Crystal Edwards, Curtis Edwards, Jr., Steven Edwards,
as infant plaintiffs by their mother and natural guardian,
Victoria Edwards, individually,

            *Plaintiffs-Appellants*,

            v.                                          12-4461-cv

The Center Moriches Teachers Association, Harry Wallace,
 in their individual and official capacities,

            *Defendants,*

and

───────────────

[*] The Honorable Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

Center Moriches Union Free School District, Center Moriches High School, Center Moriches Board of Education, Phillip Cicero, in his individual capacity and official capacity, Lino Bracco, in his individual and in his official capacity, Michael Cruz, in his individual and official capacity, Bert Nelson, in his individual and official capacity, Tom Kretsos, in his individual and official capacity, Bill Straub, in his individual and official capacity, John Doe, Marc Trochhio, Veronica Tredwell,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANTS: | Cathryn Harris-Marchesi, Frederick Kevin Brewington (on the *brief*), Law Offices of Frederick K. Brewington, Hempstead, New York |
| FOR APPELLEES: | Steven Charles Stern, Sokoloff Stern LLP, Carle Place, New York, *for* Center Moriches Union Free School District, Center Moriches High School, Center Moriches Board of Education, Philip Cicero, Lino Bracco, Michael Cruz, Bert Nelson, Bill Straub, Marc Trochhio, and Veronica Tredwell. |
| | Beth S. Gereg, Gary E. Dvoskin, Cruser Mitchell & Novitz, LLP, Melville, New York, *for* Tom Krestos. |

_____

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction**.**

Victoria Edwards on behalf of herself and her minor children Janelle Edwards, Crystal Edwards, Curtis Edwards, Jr., and Steven Edwards (collectively "Appellants"), filed suit against Appellees alleging violations under 42 U.S.C. § 2000(d) *et seq.*, 42 U.S.C. §§ 1983, 1985, 1986, and the First, Fifth and Fourteenth Amendments to the United States Constitution. Appellants also asserted claims arising under New York State law for negligence, assault, battery, intentional infliction of emotional distress, and the New York State Education Law. The District

2

Court entered judgment in favor of Appellees on September 25, 2012. On September 27, 2012, the clerk filed a "Corrected Judgment." Appellants filed a notice of appeal on October 26, 2012.

Appellees contend that this court lacks subject matter jurisdiction to hear this appeal. We agree.

Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. §2107 require an appellant to file a notice of appeal within 30 days of the entry of judgment or order being appealed unless the United States is a party, in which case a 60-day filing period applies. The United States Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Appellants argue that their notice of appeal was timely because a corrected judgment was filed in this case on September 27, 2012, and they filed their notice of appeal on October 26, 2012, within thirty-days of the Corrected Judgment's entry.

This argument is without merit. As the Supreme Court has said:

> [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.

*FTC v. Minneapolis-Honeywell Regulator Co*., 344 U.S. 206, 211 (1952) (citations omitted). Thus, if a corrected judgment merely makes a clerical adjustment to the initial judgment, the time for filing a notice of appeal begins from entry of the initial judgment. If, however, the corrected judgment effects a substantive change in the rights of the parties, then the date on which the corrected judgment is entered is the relevant date. *Id*.

Comparing the original and corrected judgment reveals that the original judgment listed "Marc and Victoria Tredwell" as defendants in the caption and the text of the judgment. In the corrected judgment, the Clerk of the Court revised the caption and text to read "Marc Trocchio, in his individual and official capacity, and Veronica Tredwell" and in error changed "Victoria Edwards" to "Veronica Edwards" in the text of the judgment. The underlying documents supporting the judgment, the Magistrate Judge's Report and Recommendation and the District Court's order adopting the Report and Recommendation, correctly and unambiguously classify the plaintiff as "Victoria Edwards, individually," and the defendants as "Marc Trocchio, in his individual and official capacity, and Veronica Tredwell, in her individual and official capacity." Moreover, it is clear from the District Court's order that it granted summary judgment on all federal claims in favor of all defendants, which includes Marc Trocchio and Veronica Tredwell, and against plaintiffs, which includes Victoria Edwards. On these facts, there is no doubt that the Clerk's errors were clerical and in no way "disturbed or revised legal rights and obligations which . . . had been plainly and properly settled with finality" in the court's original judgment. *Minneapolis-Honeywell Regulator Co.*, 344 U.S. at 2211. Accordingly, these changes did not substantively affect the District Court's ultimate ruling. The time between the entry of the original judgment and entry of the corrected judgment, therefore, cannot be tolled.

In an effort to salvage their appeal, Appellants also argue that even if the operative date from which to measure the 30 days was September 25, 2012, this Court should find "excusable neglect" and allow the appeal to proceed. Fed. R. App. P. 4(a)(5)-(6), vests only the District Court with the authority to find excusable neglect and the ability to extend the time for filing an appeal, *see* 28 U.S.C. § 2107(c). Indeed, Appellants failed to file a timely motion under Fed. R. App. P. 4(a)(5)-(6) before the District Court. The record reflects that several months after filing

their notice of appeal, Appellants asked the District Court to grant them a retroactive extension of time to file it. The District Court denied Appellants' motion noting that Appellants' belated attempts occurred more than nine months after Rule 4(a)(5)'s 30-day extension period had expired. Appellants have not appealed from the District Court's ruling denying them, *nunc pro tunc*, the requested extension of time. This Court is thus also without jurisdiction to review Appellants' argument asserting excusable neglect.

Given that the time for filing a notice of appeal ran from the entry of the first judgment on September 25, 2012, and the time to appeal has not been extended by the district court, the appeal is **DISMISSED** as untimely.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk