CLD-361                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1853
_____

DANIEL HEATH,
                              Appellant

v.


SUPERINTENDENT FRACKVILLE SCI; JOHN KERESTES, Dept. Supt. for Facilities
Management of SCI Frackville Prison; BARBARA G. MALEWSKI, Chief Healthcare
Administrator of FCI Frackville Prison; DAVID MARTIN, P.A.; R.N. PAM
WOLFGANG; P.A. JESSICA HOCK; P.A. WYCHOCK; R.N. SANDY DAVIS;
DR. O'CONNER; P.A. SLIVKA; DR. SINGH; R.N. PATTY WOLFE;
R.N. BARBARA BRIGHT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:04-cv-02275)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Pursuant to LAR 27.4 and I.O.P. 10.6
September 5, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 10, 2014 )
_____

OPINION
_____

PER CURIAM

Daniel Heath, a prisoner who is proceeding pro se and in forma pauperis, appeals from the District Court's July 17, 2013 and March 17, 2014 orders. For the reasons that follow, we will dismiss the appeal from the July 17, 2013 order for lack of jurisdiction and we will summarily affirm the District Court's March 17, 2014 order.

I.

In 2004, Heath filed a civil rights action in the United States District Court for the Middle District of Pennsylvania against fourteen defendants, who, he claims acted negligently and with deliberate indifference as to his medical care during his incarceration. Over the next eight years, all of the defendants except for David Martin were dismissed from the action. Then, in September 2011, Martin's counsel filed a Suggestion of Death for Martin, and on October 4, 2011, the District Court ordered Heath to file a motion for substitution of a proper party or face dismissal of the complaint.

After Heath complied with the District Court's order and briefing was concluded, the District Court ordered the parties to jointly undertake an investigation to find whether there was anyone who could be properly substituted as a party for Martin. The Chief Magistrate Judge reviewed the parties' reports and determined that no substitute party had been identified. The District Court provided Heath with another 90 days to file a second motion to substitute should an appropriate party be discovered. In response, Heath requested, among other things, that Corizon Health, Inc., certain unidentified physicians, and the Pennsylvania Department of Corrections Bureau of Healthcare be joined as defendants. The District Court denied Heath's motions, noting that his undue

2

delay in seeking to amend the complaint would substantially prejudice the parties and burden the court. The District Court also determined that the amendments would be futile, as the claims against the proposed defendants were meritless. Accordingly, in its July 17, 2013 order, the District Court dismissed Heath's action under Federal Rule of Civil Procedure 25, for failure to identify a substitute party for Martin. On August 5, 2013, Heath appealed from the District Court's order. We dismissed the appeal on September 24, 2013, for failure to prosecute. (C.A. No. 13-3395.)

Meanwhile, on July 31, 2013, the District Court granted Heath's request for an extension to file a motion under Federal Rule of Civil Procedure 59 for reconsideration of the July 17, 2013 order. Heath complied with the extended deadline, and filed a motion on September 4, 2013,[1] asserting that the case should not have been dismissed and that he should be allowed to substitute Martin's alleged employer, Wexford Health Services ("Wexford"), as a defendant. Since then, Heath has filed a flurry of additional motions before the District Court.

On March 17, 2014, the District Court issued an order and memorandum denying all of Heath's motions and declining to reopen the case.[2] The District Court first noted that, although each of Heath's motions was titled differently, his ultimate goal was to

---

[1] In its decision ruling on Heath's many motions, the District Court mistakenly listed this motion as Docket Number 237, which is a report and recommendation dated May 11, 2012. Heath's Motion to Reopen, Alter, Amend or Vacate Judgment, filed on September 4, 2013, is entered as Docket Number 279.

[2] The District Court ruled on the following motions filed by Heath: (1) Motion to Reopen, Alter, Amend, or Vacate Judgment (Dkt. No. 279); (2) Motion for Substitution of Proper Party and Request for Hearing (Dkt. No. 281); (3) Motion for Leave to file a Supplemental Complaint (Dkt. No. 283); (4) Motion for Discovery in Support of Supplemental Complaint (Dkt. No. 285); (5) Motion to Amend Plaintiff's Caption (Dkt. No. 287); (6) Motion for Reconsideration of Request for Appointment of Counsel (Dkt. No. 289); (7) Motion for Stay (Doc. No. 319); (8) Motion for Default Judgment (Dkt. No. 322); (9) Motion for Appointment of Counsel (Dkt. No. 328); and (10) Motion for Extension of Time to File Reply (Dkt. No. 329).

3

reopen the case, amend the complaint, and pursue his claims against Wexford. The

District Court concluded that Wexford was not a proper substitute for Martin, as Martin's

counsel verified that Martin did not work for Wexford at the time of the events giving

rise to this matter. The District Court determined that "Heath cannot obtain any relief in

this matter from Wexford, because Wexford was not the medical vendor at the prison

during the time period of Heath's allegations and did not employ Martin at the time of the

incident." It denied Heath's pending motions and stated that the case would remain

closed.

Heath now appeals.

II.

We have jurisdiction over the appeal from the March 17, 2014 order pursuant to

28 U.S.C. § 1291.[3] We will summarily affirm that order because no substantial question

is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

The District Court determined that reopening the case was not warranted, as

Wexford was not an appropriate substitute party for Martin. The District Court did not

state whether it considered Heath's motions under Rule 59 or Rule 60. Our standard of

review under both rules is for abuse of discretion. See <u>Max's Seafood Café v. Quinteros</u>,

---

[3] Heath's notice of appeal states that he also seeks review of the District Court's July 17, 2013 order dismissing his complaint under Rule 25 of the Federal Rule of Civil Procedure. Heath sought reconsideration of the July 17th order on September 4, 2013 after the District Court extended his deadline to file a motion under Rule 59. The District Court did not, however, have the authority to extend Heath's time to file a motion under either Rule 59 or 60. <u>See</u> Fed. R. Civ. P. 6(b)(2); <u>Long v. Atlantic City Police Dep't</u>, 670 F.3d 436, 444 n.16 (3d Cir. 2012). Accordingly, the motion for reconsideration did not toll the time for filing an appeal from the July 17, 2013 order. <u>See</u> <u>Baker v. U.S.</u>, 670 F.3d 448, 460 (3d Cir. 2012). Heath's notice of appeal from that order is untimely and we lack jurisdiction to consider it. <u>See</u> Fed. R. App. P. 4(a); <u>Bowles v. Russell</u>, 551 U.S. 205, 213 (2007). Moreover, Heath did file a timely notice of appeal from the July 2013 order. As noted above, that appeal was dismissed on September 24, 2013 for failure to prosecute. (C.A. No. 13-3395.) However, we may still consider the District Court's denial of Heath's motion for reconsideration. <u>See</u> <u>Long</u>, 670 F.3d at 446 n.19 (stating that this court has "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration").

176 F.3d 669, 673 (3d Cir. 1999); <u>Brown v. Philadelphia Housing Auth.</u>, 350 F.3d 338, 342 (3d Cir. 2003).  Motions under Rule 59(e) are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier.  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985); <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n.5 (2008).  Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  <u>Coltec Indus., Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir. 2002) (internal quotation and citation omitted).

Heath's motions clearly do not meet these requirements, and we cannot say that the District Court erred in declining to reopen the case or reconsider its order dismissing the case after determining that Heath did not establish that Wexford was Martin's employer during the events leading to this lawsuit, or that Wexford was an appropriate substitute for Martin.  Additionally, the District Court did not err in rejecting Heath's numerous post-judgment motions.

Thus finding no substantial question raised by this appeal, we will summarily affirm the March 17, 2014 judgment of the District Court.  3d Cir. LAR 27.4 and I.O.P. 10.6.  We deny Heath's motion for appointment of counsel as moot.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).