United States v. Layden

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

PRESENT:

        Robert A. Katzmann,
            *Chief Judge*,
        Amalya L. Kearse,
        Debra Ann Livingston,
            *Circuit Judges.*

―――――――――――――――――――――――――――――

United States of America,

        *Plaintiff-Appellee*,

      v.                            16-317

Jennifer Layden,

        *Defendant-Appellant*.

―――――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLEE:        Varuni Nelson, Rachel G. Balaban, Assistant U.S. Attorneys, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:                    Jennifer Layden, pro se, South Ozone Park, NY.

Appeal from a judgment and an order of the United States District Court for the Eastern District of New York (Korman, *J.*), entered on July 31, 2015, and January 4, 2016, respectively.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** without prejudice to appellant Jennifer Layden's ability to renew her appeal after the disposition of any motion she files for appropriate relief in the district court.

Layden, proceeding pro se, appeals from the district court's entry of default judgment against her, as well as from the district court's subsequent order of garnishment of her wages, in the government's suit to recover the outstanding balance on a defaulted student loan. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Layden's notice of appeal was not timely filed from the underlying default judgment, and we therefore lack jurisdiction to review that judgment. *See* Fed. R. App. P. 4(a)(1)(B); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Layden did timely appeal from the district court's order of garnishment. However, because the merits of Layden's appeal of the garnishment order are so closely related to the merits of her challenge to the default judgment, we decline to address Layden's appeal of the garnishment order without first allowing Layden to seek relief in the district court from both the default judgment and the garnishment order under Federal Rules of Civil Procedure 55(c) and 60(b). Further proceedings in the district court would enable the

parties to compile a factual record, without which we are not well situated to rule on the merits in this case. *See United States v. Tucker*, 5 F. App'x 23, 24 (2d Cir. 2001).

We observe that, although a motion brought by Layden to set aside the default judgment would ordinarily be based on "mistake, inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1), the time limit in which to file such a motion has expired during the pendency of this appeal. *See* Fed. R. Civ. P. 60(c)(1). We further observe, however, that "if [Layden's] motion [in the district court] is meritorious and if the one-year limitation was not met because of" the time elapsed during Layden's appeal to this Court, "the district court may find a means to grant [Layden] the relief that [she] seeks" under Federal Rule of Civil Procedure 60(b)(6) "or otherwise, although we express no opinion as to whether there is a legal or factual basis for such determination." *Tucker*, 5 F. App'x at 24.

Accordingly, we **DISMISS** Layden's appeal without prejudice to her ability to renew the appeal after the disposition of any motion she files in the district court for relief from the default judgment and the garnishment order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk