**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1677**

BRIAN DALE ATEN,

                Plaintiff - Appellant,

     v.

SOUTH CAROLINA BOARD OF CORRECTIONS, all in their individual and/or their official capacity, et al.; SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE, AND PARDON SERVICES, all in their individual and/or their official capacity, et al.,

                Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Donald C. Coggins, Jr., District Judge. (3:17-cv-00874-DCC)

Submitted: April 28, 2020                         Decided: May 13, 2020

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Brian Dale Aten, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Dale Aten seeks to appeal the district court's order accepting the magistrate judge's recommendation and granting summary judgment to Defendants in Aten's civil action, and the district court's subsequent order denying reconsideration. We dismiss in part and affirm in part.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). If a party files a motion under Fed. R. Civ. P. 59 or a motion for relief from judgment under Fed. R. Civ. P. 60 within 28 days of the judgment's entry, the appeal period is tolled. Fed. R. App. P. 4(a)(4)(A)(v)-(vi).

The district court entered judgment on September 4, 2018. Aten therefore had until October 4, 2018, to file a notice of appeal or until October 2, 2018, to file a motion under Rule 59 or Rule 60 that could toll the period for appeal. Aten filed his postjudgment motion on October 9, 2018, outside of the 28-day tolling period.[1] He did not file his notice of appeal until June 24, 2019, without seeking an extension or reopening of the appeal period from the district court. Because Aten failed to file a timely notice of appeal with respect

---

[1] Aten filed two identical documents, one docketed as "objections," the other docketed as a "motion for reconsideration."

2

to the district court's order granting summary judgment, we dismiss his appeal as to that order for lack of jurisdiction.

Aten, however, timely appealed the denial of his postjudgment motion for reconsideration.[2] We review the district court's order denying this motion for abuse of discretion. *Hickerson v. Yamaha Motor Corp.*, 882 F.3d 476, 481 (4th Cir. 2018). In ruling on an appeal from the denial of a Rule 60(b) motion, "we do not review the merits of the underlying order but rather only whether the movant satisfied the requirements for Rule 60(b)." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). (internal citation omitted). To succeed on a Rule 60(b) motion, a movant "must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (internal quotation marks omitted). Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

On appeal, Aten argues generally that he was denied lawful parole and asserts that the South Carolina Department of Corrections committed libel and/or slander. We have

---

[2] Because Aten's motion was not filed within 28 days after the entry of the district court's judgment dismissing the action, the motion is properly construed as filed pursuant to Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59(e) (providing 28-day filing period).

reviewed the record and conclude that the district court did not abuse its discretion in denying reconsideration under Rule 60(b) with respect to the issues raised on appeal. We therefore affirm the district court's order denying reconsideration.[3]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*AND AFFIRMED IN PART*

---

[3] To the extent Aten requests counsel in his informal brief, we deny his request.