**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6689**

DEVONTAY D. MYLES,

            Plaintiff - Appellant,

      v.

HARNETT COUNTY SHERIFF DEPARTMENT; WAYNE COATS, Sheriff; JULIE PLANKO, Nurse; HOLLI JENKINS, Nurse; CORPORAL CIPRIANO; SGT. SELVY; RANDY TAYLOR, Corporal; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-ct-03097-D)

Submitted:  July 21, 2020                    Decided:  July 24, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Devontay D. Myles, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devontay D. Myles seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2018) complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on May 28, 2019. On March 10, 2020, Myles wrote the court to advise that he had just received a copy of the dismissal order. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). The court construed this letter as a motion to reopen the appeal period under Rule 4(a)(6) and granted the motion. Myles noted his appeal within the 14 days accorded to him.

A district court may reopen the appeal period for 14 days only if: (1) the movant did not receive notice of the order he seeks to appeal within 21 days after entry; (2) the movant files the motion within 180 days after entry of the order or within 14 days of receiving notice of the entry, whichever date is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Here, Myles filed his motion to reopen the appeal period over 180 days after entry of the order, rendering the motion untimely. Because the timely filing of a motion to reopen the appeal period is a jurisdictional requirement, *see Bowles*, 551 U.S. at

2

213, we conclude that the district court was without authority to reopen Myles' appeal period and that his notice of appeal is untimely.

Accordingly, we dismiss Myles' appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*