**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6480

CLINTON D. JOHNSON, JR., a/k/a Clinton D. Johnson, a/k/a Clinton Douglas Johnson, Jr., a/k/a Kayzon Ru,

Plaintiff - Appellant,

v.

OFFICER B. R. DANCELON; BLAKE A. NORTON; SHAWN D. CHASTIN; ELI ELIJAH HEWELL; KIM RUTZ; KIM DUBOSE; SOUTHERN HEALTHCARE PARTNERS; HENRY MCMASTER; CAPTAIN JEREMY CHAPMAN; BRIAN DANIELSON; MIKE CRENSHAW; WAYNE OWENS; MPD COLLINS; DEPUTY HAILEY; BETHANY BLUNDY; DAVID R. WAGNER; STEVEN GILLIARD,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Sherri A. Lydon, District Judge. (5:22-cv-01547-SAL)

Submitted: July 25, 2023                    Decided: July 28, 2023

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Clinton Douglas Johnson, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton D. Johnson, Jr., seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Johnson's amended complaint. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties have 30 days after the entry of the district court's final judgment or order to note an appeal in a civil case, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). A district court may reopen the appeal period under Rule 4(a)(6) if (1) the party moving for reopening did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the entry of the judgment or order, or within 14 days after receiving notice of such entry, whichever is earlier; and (3) a reopening would not prejudice any party.

The district court entered its order on February 13, 2023. Johnson did not file his notice of appeal until May 5, 2023.[*] Johnson's appeal was thus filed after the 30-day appeal period expired. Johnson stated in the notice of appeal, however, that he did not receive the district court's order until April 28, 2023.

Because Johnson's notice of appeal informed the district court that he wished to appeal and that he did not receive the court's order until April 28, we construe it as a motion

---

[*] We assume that the date appearing on Johnson's notice of appeal is the earliest date that he could have provided it to prison officials for mailing to the district court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

to reopen the appeal period.  We therefore remand to the district court for the limited purpose of determining whether Johnson is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6).  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*