**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7022**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT LESLIE STENCIL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00221-MOC-DCK-1; 3:22-cv-00625-MOC)

Submitted:  February 26, 2026                Decided:  March 2, 2026

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed by unpublished per curiam opinion.

Robert Leslie Stencil, Appellant Pro Se.  Jeremy Raymond Sanders, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Leslie Stencil seeks to appeal the district court's orders denying and dismissing Stencil's 28 U.S.C. § 2255 motion, denying his Fed. R. Civ. P. 59(e) motion to reconsider, and denying his motion for recusal.

To the extent Stencil seeks to appeal the denial of his § 2255 motion and his Rule 59(e) motion, we lack jurisdiction over the appeal because the notice of appeal was not timely filed. When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying and dismissing Stencil's § 2255 motion on May 8, 2023, and it entered its order denying Stencil's Fed. R. Civ. P. 59(e) motion on August 1, 2023. Accordingly, the appeal period as to these orders expired on October 2, 2023. Stencil filed the notice of appeal on October 1, 2024.[1] Because Stencil failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we lack jurisdiction over this portion of the appeal.

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Stencil could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Stencil's appeal is timely as to the denial of his motion for recusal. Our review of the record leads us to conclude that the district court did not abuse its discretion by denying that motion.[2] *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (stating standard of review).

Accordingly, we deny Stencil's motion for assignment of counsel, affirm the denial of Stencil's motion for recusal, and dismiss the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*AFFIRMED IN PART*

---

[2] A certificate of appealability is not required to appeal the denial of a motion for recusal. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009*)*; *United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015).