**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6014

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MANUEL MEICHOR VARGAS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-01504-RBH-2)

Submitted:  August 7, 2014          Decided:  August 13, 2014

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Manuel Meichor Vargas, Appellant Pro Se.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Meichor Vargas seeks to appeal his convictions and sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). At the time Vargas' judgment of conviction was entered on the docket, the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on September 24, 2008. Vargas filed his notice of appeal, at the earliest, on December 30, 2013.[1] Because Vargas failed to file a timely notice of appeal or to obtain an extension of the appeal period,

---

[1] Vargas stated in his notice of appeal that he submitted it on December 30, 2013. We presume that this date is the earliest date it could have been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

we dismiss the appeal as untimely.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

DISMISSED

---

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Vargas' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).