**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-6789**

---

GREGORY C. KRUG,

        Plaintiff - Appellant,

    v.

VICTOR LORANTH, in his individual capacity,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken.   David C. Norton, District Judge. (1:14-cv-01829-DCN)

---

Submitted:  September 9, 2015       Decided:  September 14, 2015

---

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

Gregory C. Krug, Appellant Pro Se.   Marshall Prince, II, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory C. Krug seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on Krug's complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We remand for consideration of whether reopening of the appeal period is merited.

When the United States or its officer or agency is a party, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 6, 2015. Krug filed his notice of appeal on May 14, 2015.* Krug's notice of appeal is clearly untimely. However, under Fed. R. App. P. 4(a)(6), the district court may reopen the

---

* For the purpose of this appeal, we assume that the date appearing on Krug's notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270 (1988).

time to file an appeal if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within 14 days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced.

In his notice of appeal, Krug stated that he did not receive notice of the district court's order dismissing his action until the court mailed him a copy on May 6, 2015, in response to Krug's April 30 letter of inquiry as to the status of his case.  Accordingly, we remand for the limited purpose of permitting the district court to determine whether Krug's notice of appeal should be construed as a motion to reopen the appeal period, and if so, whether reopening is merited.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

3