**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7881**

JESUS EMMANUEL JEHOVAH, a/k/a Robert Gabriel Love, a/k/a Gabriel Alexander Antonio,

    Plaintiff - Appellant,

  v.

HAROLD W. CLARKE, Director; A. DAVID ROBINSON, Deputy Director,

    Defendants – Appellees,

   and

COMMONWEALTH OF VIRGINIA; LORETTA K. KELLY, Warden, Sussex I State Prison; ALL EMPLOYEES OF THE VIRGINIA DEPARTMENT OF CORRECTIONS, in their official, individual, and private capacities, jointly and severally; EDDIE L. PEARSON, Warden; KEISHA FOWLKES, Unit Manager; MS. EVANS, Records Officer; MS. ANSAH, Corporal; ARMOR CORRECTIONAL HEALTH SERVICES, INC.; ANTHONY KING, Dr.; MESELE GEBREYES, Dr.; BENJAMIN J. ULEP, Dr.,

    Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cv-00087-JCC-IDD)

Submitted: July 28, 2015    Decided: October 22, 2015

Before TRAXLER, Chief Judge, and GREGORY and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

_____

Jesus Emmanuel Jehovah, Appellant Pro Se.  Trevor Stephen Cox, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Emmanuel Jehovah seeks to appeal the district court's March 26, 2014 order denying his first Fed. R. Civ. P. 60(b) motion for relief from judgment in his 42 U.S.C. § 1983 (2012) action and the court's November 20, 2014 order denying a second Rule 60(b) motion. We dismiss Jehovah's appeal.

First, we conclude that Jehovah failed to timely appeal from the denial of his first Rule 60(b) motion. Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). If a party files a Rule 60 motion within 28 days of the judgment appealed from, "the time to file an appeal runs . . . from the entry of the order disposing of the [Rule 60] motion." Fed. R. App. P. 4(a)(4)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Jehovah's first Rule 60(b) motion was entered on the docket on March 26, 2014. The notice of appeal was filed on December 10, 2014.* Furthermore,

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to
(Continued)

3

Jehovah's second Rule 60(b) motion did not extend the time for noting an appeal because it was filed on August 16, 2014, more than 28 days after the district court's March 26, 2014 order. Because Jehovah failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss his appeal from the denial of his first Rule 60(b) motion for lack of jurisdiction.

With respect to Jehovah's appeal from the denial of his second Rule 60(b) motion, we may address sua sponte whether an appeal is moot because "[t]he doctrine of mootness originates in Article III's case or controversy language." Incumma v. Ozmint, 507 F.3d 281, 285-86 (4th Cir. 2007) (internal alterations and quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the out-come." Id. at 286 (internal quotation marks omitted). Litigation may become moot even on appeal, and "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." Id. (brackets and internal quotation marks omitted).

---

the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

4

On July 9, 2015, while this appeal was pending, we reversed, in its entirety, the district court's judgment denying relief on Jehovah's 42 U.S.C. § 1983 action, remanding for further proceedings. See Jehovah v. Clarke, ___ F.3d ___, No. 13-7529, 2015 WL 4126391, at *1 (4th Cir. July 9, 2015). In reversing the district court's order, we concluded that the district court erred by not permitting Jehovah an opportunity to present evidence and arguments regarding his Religious Land Use and Incarcerated Persons Act claim and his First Amendment free exercise claim, both stemming from a prison regulation prohibiting inmates from consuming communion wine. Id. at *4-6. Jehovah has thus secured the opportunity, on remand, to present the evidence and arguments raised in his second Rule 60(b) motion. Jehovah is unable to gain any further meaningful relief through the resolution of this appeal, and therefore no longer has a legally cognizable interest in its outcome.

Accordingly, we dismiss Jehovah's appeal from the denial of his first Rule 60(b) motion as untimely and dismiss his appeal from the denial of his second Rule 60(b) motion as moot. We deny Jehovah's motion for judicial notice of his health problems. See United States v. Hawkins, 76 F.3d 545, 551-52 (4th Cir. 1996) (observing that under Fed. R. Evid. 201, court may not take judicial notice of fact subject to reasonable dispute). We dispense with oral argument because the facts and

5

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED