**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7301**

DAMON ELLIOTT,

                Petitioner - Appellant,

        v.

ERIC D. WILSON,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:14-cv-00209-LO-JFA)

Submitted:  November 17, 2015      Decided:  November 20, 2015

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Damon Emanuel Elliott, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Elliott seeks to appeal the district court's order construing his 28 U.S.C. § 2241 (2012) motion as a successive 28 U.S.C. § 2255 (2012) motion and dismissing it on that basis. We remand for consideration of whether reopening of the appeal period is merited.

When the United States or its officer or agency is a party, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 23, 2015. Elliott filed his notice of appeal on June 3, 2015.* Elliott's notice of appeal is clearly untimely. However, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal if: (1) the moving party did

---

* Because Elliott did not date his notice of appeal, for the purpose of this appeal, we assume that the date appearing on the envelope is the earliest date the notice of appeal could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270 (1988).

2

not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within 14 days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced.

In his notice of appeal, Elliott stated that he did not receive notice of the district court's order until May 28, 2015, because he was on a federal writ from February 23, 2015 to May 27, 2015. Accordingly, we remand for the limited purpose of permitting the district court to determine whether Elliott's notice of appeal should be construed as a motion to reopen the appeal period, and if so, whether reopening is merited. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED