**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6664**

_____

BASIR MATEEN RAZZAK,

          Plaintiff - Appellant,

    v.

ACKOYT, Nurse Practitioner; A. GRIZZARD; CCS CORRECT CARE
SOLUTIONS, MEDICAL AGENCY; FORSYTH COUNTY DETENTION CENTER
SERVICE BUREAU,

          Defendants - Appellees,

    and

DR. RHOADES,

          Defendant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Loretta C. Biggs,
District Judge. (1:15-cv-01016-LCB-LPA)

_____

Submitted: February 22, 2017      Decided: March 1, 2017

_____

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Basir Mateen Razzak, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Basir Mateen Razzak seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). In a civil case in which the United States is not a party, the notice of appeal must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). When the appellant is incarcerated, the notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The timely filing of a motion to alter or amend the judgment tolls the start of the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(iv). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); In re GNC Corp., 789 F.3d 505, 512 (4th Cir. 2015).

The district court dismissed Razzak's complaint on February 22, 2016. Razzak filed a motion to alter or amend that was dated March 4, 2016, but was not filed in the district court until March 31, 2016. The record does not conclusively reveal when Razzak delivered this motion to prison officials for mailing. Razzak's notice of appeal was dated April 18, 2016,

2

well after the expiration of the appeal period, unless the motion to alter or amend tolled the start of that period.

Accordingly, we remand the case for the limited purpose of allowing the district court to determine when the motion to alter or amend was delivered to prison officials for mailing. The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>

3