NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARVIN L. JARMIN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1088

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0161-I-1.

---

Decided: March 9, 2017

---

MARVIN L. JARMIN, Mount Vernon, WA, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before REYNA, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Marvin L. Jarmin petitions for review of the Merit Systems Protection Board's ("Board") decision affirming the Office of Personnel Management's ("OPM") decision to deny his request for service credit under the Civil Service Retirement Act ("CSRA") for his military service. *Jarmin v. Office of Pers. Mgmt.*, No. SF-0831-16-0161-I-1, 2016 WL 4425122 (M.S.P.B. Aug. 19, 2016). Because Mr. Jarmin failed to file a timely petition for review to this court, we must dismiss for lack of jurisdiction.

DISCUSSION

I

Mr. Jarmin served on active duty in the United States Army from January 5, 1954, through December 8, 1955. From December 8, 1955, until his honorable discharge on December 31, 1961, he served in the United States Army Reserves. From February 1, 1965, until his retirement on September 30, 1986, Mr. Jarmin worked as a civilian employee of the United States Department of Agriculture. Mr. Jarmin's Civil Service Retirement System ("CSRS") annuity includes service credit for his active duty service with the Army, but not for his reserve duty service with the Reserves.

On February 20, 2015, Mr. Jarmin contacted OPM to request service credit for his reserve duty service. On July 15, 2015, OPM denied his request. Mr. Jarmin sought reconsideration on August 31, 2015, which OPM denied on November 12, 2015.

In December 2015, Mr. Jarmin appealed OPM's decision to the MSPB. On February 18, 2016, the MSPB issued its initial decision affirming OPM's decision. On August 19, 2016, the MSPB issued its Final Order affirming the administrative law judge's decision and denying Mr. Jarmin's petition for review.

On October 20, 2016, Mr. Jarmin filed informal documents with this Court which we construed as a petition for review.

## II

Before addressing the merits, an appeals court must ensure that it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This court's review of final decisions of the Board is limited to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A).[1] If that statutory deadline is not met, we cannot exercise jurisdiction in the case. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (holding that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional"); *Bowles v. Russell*, 551 U.S. 209, 210 (2007) (holding that statutory time limits for taking an appeal are jurisdictional); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168 (2010).

With its August 19, 2016 Final Order pertaining to Mr. Jarmin, the Board included a "Notice to the Appellant Regarding Your Further Review Rights," stating specifically that the Federal Circuit "must receive your request for review no later than 60 calendar days after the date of

---

[1] Before Congress amended this statute in 2012, the deadline was 60 days *after the petitioner received notice* of the MSPB's decision. *See* 5 U.S.C. § 7703(b)(1) (2011). However, even under the old standard we would lack jurisdiction, since Petitioner asserts on the face of his petition that he received the MSPB's order on August 19, 2016, the same date it was issued.

this order" and noting that Mr. Jarmin should be "very careful to file on time." App'x 7.

Under § 7703(b)(1), Mr. Jarmin's petition was due sixty days after the MSPB issued its final order on August 19, 2016, resulting in a deadline of October 18, 2016. Here, the first papers filed by Mr. Jarmin with the Court were received on October 20, 2016, two days after that deadline. Because Mr. Jarmin's petition was filed after the 60–day statutory period for appeal, this court cannot exercise jurisdiction to address the merits of his case.

For the reasons stated above, we find that we are without jurisdiction to consider this appeal and must therefore dismiss this case.

**DISMISSED**

COSTS

Each party shall bear its own costs.