# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 17-6318

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOEY LAMAR WHITE, a/k/a Little Joey, a/k/a Black, a/k/a Savage,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:11-cr-00028-FL-1; 2:14-cv-00037-FL)

Submitted: July 5, 2017                             Decided: July 18, 2017

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Joey Lamar White, Appellant Pro Se. James Bradsher, Shailika S. Kotiya, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey Lamar White seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 24, 2016. The notice of appeal was filed on March 3, 2017.[*] Because White failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).