**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7704**

ANTHONY LEON HOOVER-EL,

Plaintiff - Appellant,

v.

MAURY CORRECTIONAL INSTITUTION,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:19-cv-00340-CCE-LPA)

Submitted:  March 12, 2020                                        Decided:  March 17, 2020

Before KING, KEENAN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Anthony Leon Hoover, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Leon Hoover seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge and dismissing Hoover's 28 U.S.C. § 2241 (2018) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on April 30, 2019. Hoover filed the notice of appeal on October 23, 2019.* Because Hoover failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Hoover could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack,* 487 U.S. 266, 276 (1988).