**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7524**

TRACEY TERRELL GRADY,

            Plaintiff - Appellant,

      v.

JAMES MCRAE; BRIAN WELLS; NURSE FOWLER; JHAMEL BARNETT,

            Defendants - Appellees,

      and

ANTWONE PITTMAN, Inmate; LUMBERTON CORRECTIONAL INSTITUTE; LIEUTENANT MOODY; SGT. J. HUNT; PENDER CORRECTIONAL MEDICAL STAFF,

            Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:17-ct-03268-M)

Submitted:  February 18, 2021                    Decided:  February 23, 2021

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tracey Terrell Grady, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Terrell Grady, a North Carolina inmate, seeks to appeal the district court's order granting Defendants summary judgment in Grady's 42 U.S.C. § 1983 civil rights action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 23, 2020. Grady filed the notice of appeal on October 1, 2020.[*] Because Grady failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Grady could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2