**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2311
_____

JOHN E. REARDON,
Appellant

v.

STATE OF NEW JERSEY;
JUDGE FREEMAN, of Camden County;
JUDGE PUGLIESE, of Camden County;
JUDGE HAYDEN, of the State Appellate Court;
JUDGE SHARAFI, of the State Appellate Court;
U.S. GOVERNMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-05363)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2022

Before: KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 4, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Reardon was convicted in New Jersey state court of three offenses, including possession of explosive material with intent to use it against another. Decades later, Reardon filed in federal court a civil rights action against the judges who participated in his state criminal case and subsequent state postconviction proceedings. By order entered on June 27, 2014, the District Court dismissed Reardon's complaint with prejudice.

As the docket below would tell it, Reardon then became consumed with filing post-judgment motions, all of which have been rejected. See, e.g., Reardon v. New Jersey, 822 F. App'x 153, 156 (3d Cir. 2020) (per curiam). But Reardon pursued other legal actions, too. For instance, Reardon sued the public officials that handled his motor vehicle infractions in the 1980s. See Reardon v. Zonies, 730 F. App'x 129, 130 (3d Cir. 2018) (per curiam). He also sued the district judge who entered the June 27, 2014 order of dismissal. See Reardon v. Hillman, 773 F. App'x 658, 659 (3d Cir. 2019) (per curiam).

In another case, Reardon's frenzied litigation style and baseless claims prompted a different district judge to craft an injunction that prohibited Reardon from filing without authorization any new actions in the United States District Court for the District of New Jersey. See Reardon v. United States, DC Civ. No. 17-cv-05868, 2020 WL 603994, at *3 (D.N.J. Feb. 7, 2020) (noting the filing injunction). The injunction was later broadened to prohibit Reardon from filing without authorization motions in any of his many cases.

Citing that injunction, the District Court in this case issued an order on June 10, 2021 denying as unauthorized a new post-judgment motion filed by Reardon regarding the now-seven-years-old order of dismissal. This appeal followed.

2

If Reardon's notice of appeal is meant to spur appellate review of the June 27, 2014 order of dismissal—and his briefing in this Court all but confirms that that is his aim—the appeal is untimely and we lack jurisdiction. See Fed. R. App. P. 4(a)(1)(B); Bowles v. Russell, 551 U.S. 205, 207-09 (2007). Furthermore, while we do have jurisdiction to review the District Court's June 10, 2021 order enforcing the filing injunction, see Fed. R. App. P. 4(a)(1)(B); see also 28 U.S.C. § 1291; Isidor v. Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993), Reardon has not identified a potential error in that specific ruling, cf. Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (noting that this Court does not reach arguments omitted from appellant's opening brief). Regardless, we discern no error by the District Court.

Accordingly, we will affirm the District Court's June 10, 2021 order to the extent of our jurisdiction under § 1291. The appeal is dismissed to the extent such jurisdiction is lacking. Appellees' motion for leave to file a supplemental appendix is granted.