**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7716**

LINWOOD WHITEHEAD,

        Plaintiff - Appellant,

    v.

MS. ROOKS, Correction Officer,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:19-cv-00326-RAJ-RJK)

Submitted:  March 29, 2022                                      Decided:  April 1, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Remanded by unpublished per curiam opinion.

Linwood Whitehead, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Whitehead seeks to appeal the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for failure to prosecute. In civil cases, parties have 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's order was entered on July 27, 2021. Whitehead filed his notice of appeal on December 10, 2021. Therefore, Whitehead's notice of appeal is untimely.

However, under Rule 4(a)(6), the district court may reopen the time to file an appeal on a party's motion if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry or within 14 days after the moving party receives notice from the court, whichever is earlier; and (3) no party would be prejudiced. In his notice of appeal, Whitehead indicated his desire to appeal and stated that he had not received the district court's final order until a few days before filing his notice of appeal. We construe the notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6). Accordingly, we remand this case to the district court for the limited purpose of determining whether Whitehead is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to this court for further proceedings.

*REMANDED*