**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1094**

PHILLIP O'BRIANT,

        Plaintiff - Appellant,

       v.

NESTLE DREYER'S ICE CREAM COMPANY; KELLI QUINN, Supervisor; CAITLIN BERMAN, HR Generalist; LANIK MCINTYRE, Human Resources Manager; BILL WOODS, Plant Manager; TERRENCE MURRAY; LISA NEASOM; LINDA HASTIE; DAVE BARBOUR,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:18-cv-01048-ELH)

Submitted:  March 4, 2024                                    Decided:  March 28, 2024

Before AGEE and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Phillip O'Briant, Appellant Pro Se.  Charles Joseph Kresslein, JACKSON LEWIS PC, Baltimore, Maryland, for Appellee Nestle Dreyer's Ice Cream Company.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip O'Briant seeks to appeal the district court's order dismissing his civil action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 7, 2020. O'Briant filed the notice of appeal on January 23, 2024. Because O'Briant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny the pending motion as moot.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

2