**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6290**

_____

DONALD DOC VAUGHAN, JR.,

        Petitioner - Appellant,

    v.

COMMONWEALTH OF VIRGINIA,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:22-cv-00619-DJN-MRC)

_____

Submitted:  September 19, 2024                    Decided:  September 24, 2024

_____

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Donald Doc Vaughan, Appellant Pro Se.  Lindsay Brooker, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Doc Vaughan, Jr., seeks to appeal the district court's order dismissing Vaughan's 28 U.S.C. § 2254 petition as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on December 12, 2022, and the appeal period expired on January 23, 2023. Vaughan filed the notice of appeal on March 19, 2024.[*] Because Vaughan failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Vaughan could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).