# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2025

Lyle W. Cayce
Clerk

No. 24-50116
Summary Calendar

Carlos Antonio Raymond,

*Plaintiff—Appellant*,

*versus*

Flagstar Bank; M. Samuel Daffin, II, *In their official capacity as trustee of assets*; Mary A. Daffin, *In their official capacity as trustee of assets*; Brian S. Engel, *In their official capacity as trustee of assets*; James C. Frappier, *In their official capacity as trustee of assets*; Robert F. Frappier, *In their official capacity as trustee of assets*; Steve Turner, *In their official capacity as trustee of assets*; Barrett, Daffin, Frappier, Turner, Engle, L.L.P., *In their official capacity as trustee of assets*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1439

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50116

Carlos Antonio Raymond, proceeding pro se, appeals the dismissal of his civil complaint. The appellees argue that this court lacks jurisdiction because Raymond failed to timely file a notice of appeal.

The time limit for noticing a civil appeal is set by statute; therefore, a timely notice of appeal is a jurisdictional prerequisite in civil cases. *See* 28 U.S.C. § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A party seeking to appeal in a civil matter must file a notice of appeal within 30 days of the entry of the judgment or order being appealed. 28 U.S.C. § 2107(a); *see* Fed. R. App. P. 4(a)(1)(A). Here, the district court entered a judgment dismissing Raymond's complaint on May 31, 2022. Raymond filed a motion for reconsideration, which cited Federal Rules of Civil Procedure 59(e) and 60(b)(3), within 28 days of the entry of judgment. Therefore, the period for filing a timely notice of appeal began when the district court denied Raymond's motion for reconsideration on March 9, 2023. *See* Fed. R. App. P. 4(a)(4). Raymond's February 15, 2024, notice of appeal was untimely.

Following the denial of his motion to reconsider, Raymond filed a motion to abate, which requested that the district stay the proceedings while he sought a writ of certiorari from the Supreme Court in another case. However, a motion to abate is not one of the motions listed in Rule 4(a)(4). Even with the benefit of liberal construction of his pleadings, we cannot construe this motion as one of those listed motions, nor can we construe it as any motion that would otherwise extend the time to file a notice of appeal. Because Raymond's notice of appeal from the underlying judgment was untimely, we lack jurisdiction to consider it.

Raymond's notice of appeal was timely from the denial of his motion to abate. However, Raymond does not address the denial of this motion in his briefs. By failing to brief the issue, he has abandoned any argument

challenging the denial of his motion to abate as moot. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). In addition, we conclude that the district court did not err in denying this motion as moot. Therefore, we affirm the district court's denial of this motion. Finally, to the extent Raymond moved for appointment of counsel in his brief, we deny that motion.

Accordingly, the appeal is DISMISSED in part for lack of jurisdiction and AFFIRMED in part. Raymond's motion for appointment of counsel on appeal is DENIED.