**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6097**

HARRY NIE,

          Plaintiff - Appellant,

    v.

JUDGE REBECCA BEACH SMITH; JUDGE RAYMOND A. JACKSON; JUDGE DOUGLAS E. MILLER; JUDGE PAUL V. NIEMEYER; JUDGE HENRY F. FLOYD; JUDGE JULIUS N. RICHARDSON; CHADWICK DOTSON, Director of the Virginia Department of Corrections,

          Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:21-cv-00599-AWA-RJK)

Submitted: October 16, 2025                    Decided: November 18, 2025

Before QUATTLEBAUM, HEYTENS, and BERNER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Harry Nie, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Nie seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Nie's Fed. R. Civ. P. 60(b) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 31, 2023, and the appeal period expired on August 30, 2023. Nie filed the notice of appeal on January 30, 2025.[*] Because Nie failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Nie could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).